# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| LEE DELL SMITH, | : | |
| Plaintiff, | : | |
| | : | NO. 3:10-CV-29 (CDL) |
| VS. | : | |
| SGT. F. JOHNSON, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendant Rita Shipman alleging that Plaintiff Lee Dell Smith failed to establish any issue of material fact with regard to his claims against her. For the following reasons, it is **RECOMMENDED** that the Motion be **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

According to the evidence in this case, read in the light most favorable to Plaintiff, the facts of this case are as follows: On the morning of March 20, 2010, while housed in the medical unit at the Clarke County Jail, Plaintiff had a verbal dispute with Defendant Deputy Jones. In response, Jones summoned his supervisor Defendant Sgt. Johnson. After speaking with both Plaintiff and Jones, Johnson directed Jones and Defendant Deputy Perrin to escort Plaintiff to a cell adjacent to his office. Pursuant to this order, Jones and Perrin entered Plaintiff's cell, placed him in handcuffs, and began to escort him to his new cell. Plaintiff was unable to keep up with the jailers' pace. Consequently, Plaintiff alleges that he was kicked in the leg and then dragged to the new cell.

Once in his new cell, Plaintiff complained of leg pain and asked to see a nurse. According to Plaintiff, the jail's nurse, Defendant Rita Shipman, did not arrive until more than an hour later.

Plaintiff was upset by the delay and refused to be examined. Less than an hour later, when Shipman returned to check on him, Plaintiff again refused to be examined. That afternoon, Shipman attempted give Plaintiff his scheduled dosage of prescription seizure medication. Plaintiff refused to take the medicine. As a result, in accordance with jail physician Dr. Marc Chetta's standing orders, Plaintiff was moved to a observation cell and placed on suicide watch. While in the medical observation cell, Plaintiff claims that he was deprived of clothing, a bed, and a sink, and that the temperature in the cell was never warmer than 45 degrees.

**DISCUSSION**

Plaintiff has failed to create a genuine issue of material fact with regard to his claims against Defendant Shipman. To establish a violation of the Eighth or Fourteenth Amendment related to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), overruled in part on other grounds, Hope v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). As these requirements make

clear, in the context of a 42 U.S.C. §1983 lawsuit, "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable. Taylor, 221 F.3d at 1258. Equally important in the context of this case is the fact that a prisoner cannot establish a constitutional violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment,", and, as such, are not actionable under the Eighth or Fourteenth Amendment. Estelle, 429 U.S. at 105; Hamm, 774 F.2d at 1576; accord Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (1st Cir. 1981) ("We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. [ ] Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (internal citations omitted). This is so "even if the harm ultimately was not averted," where it appears that the prison officials did not disregard a known risk and instead acted to address the risk. Farmer v. Brennen, 511 U.S. 825,844 (1970).

Plaintiff brings two claims against Nurse Shipman. First, he contends that Shipman took too long to report to his cell in response to his complaints of leg pain. Second, he contends that she improperly had him assigned to a freezing medical observation cell.

As to the first claim, regarding delay in medical attention, the record does not indicate any delay of constitutional significance. Courts have recognized that delay in treatment of "serious and painful injuries" may rise to the level of a constitutional claim. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). "The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." Id. at 393-94. Plaintiff has failed to present any evidence showing that his alleged injury was so serious that a delay of a couple of

hours, comparable to the time that many private patients spend in doctors' waiting rooms, was excessive. Plaintiff concedes that when Shipman arrived, he refused to allow her to examine him. The extensive medical records presented by Defendant show to the contrary that Plaintiff's injury was not so serious as to require immediate attention. The records show that Plaintiff received continuous attention for various conditions including heart problems, respiratory problems, and seizures, but do not show that Plaintiff sustained any sort of leg injury requiring treatment.

As to his second claim, Plaintiff has failed to present any evidence to show that Nurse Shipman participated in the decision to move him to a medical observation cell, beyond notifying jail officials of his refusal to take his scheduled dosage of prescription medication. Indeed, Nurse Shipman has testified that Plaintiff's assignment to a medical observation cell was the result of Jail Physician Dr. Marc Chetta's orders which, she added, Plaintiff agreed to by signing a "Contract for Safety." Shipman Aff. ¶ 15 (Doc. 24-2). Though Plaintiff contests the specifics of the Contract, he has offered no evidence to indicate that his placement in an observation cell was controlled by Shipman. In the absence of such evidence, Plaintiff cannot demonstrate that Nurse Shipman acted with deliberate indifference.

Accordingly, because Defendant Shipman is entitled to judgment as a matter of law, it is **RECOMMENDED** that her Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these **RECOMMENDATIONS** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of August, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge