# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| LEE DELL SMITH, | |
| Plaintiff, | |
| VS. | NO. 3:10-CV-29 (CDL) |
| SGT. F. JOHNSON, *et al.*, | |
| Defendants. | Proceedings Under 42 U.S.C. §1983<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendants Ferrell Johnson, Chet Jones, and Robert Perrin alleging, among other things, that Plaintiff Lee Dell Smith failed to exhaust his administrative remedies prior to filing the instant action. Doc. 23. Given the nature of the Defendants' primary argument, their Motion is best construed as one seeking dismissal. For the following reasons, it is **RECOMMENDED** that the Motion be **GRANTED** and that Plaintiff's claims against Defendants Johnson, Jones, and Perrin be **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff executed his Complaint in this action on April 22, 2010, alleging claims of excessive force and deliberate indifference to his serious medical needs occurring during his confinement in the Athens Clarke County Jail. Doc. 1. According to Plaintiff, the factual basis of his claims are as follows: On the morning of March 20, 2010, while being housed in the jail's medical unit, Plaintiff had a verbal dispute with Defendant Jones. In response, Jones summoned his supervisor Defendant Johnson. After speaking with both Plaintiff and Jones, Johnson directed Jones and Defendant Perrin to escort Plaintiff to a cell adjacent to his office. Pursuant to this order, Jones and Perrin entered Plaintiff's cell, placed him in handcuffs, and began to escort him to his new cell.

Plaintiff was unable to keep up with the jailers' pace. Plaintiff claims that he was kicked in the leg and then dragged to his new cell. Once there, Plaintiff complained of leg pain and asked to see the nurse. According to Plaintiff, the jail nurse, Defendant Rita Shipman, did not arrive until more than an hour later. When Shipman arrived and attempted to examine him, Plaintiff refused.

Later that day, Shipman returned to give Plaintiff his scheduled dosage of prescription seizure medication. Plaintiff refused to take the medicine. As a result, and in accordance with the jail doctor's standing orders, Plaintiff was moved to a medical observation cell and placed on suicide watch. While in the medical observation cell, Plaintiff claims that he was deprived of clothing, a bed, a sink, and water. In addition, Plaintiff claims that temperature in the cell was never warmer than 45 degrees. Based upon these alleged events, Plaintiff filed the instant action. After waiving service of process (Doc.12) and filing an Answer (Doc.15), Defendant Johnson, Jones, and Perrin filed the instant Motion.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's

version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

In support of their assertion that Plaintiff failed to exhaust his administrative remedies, Defendants submitted the affidavit of Athens Clarke County Jail Commander Jack Mitchell, a copy of the jail's inmate grievance procedures, and copies of all documents related to Plaintiff's attempts to grieve the events of March 20, 2010. These documents show that Plaintiff initiated two timely grievances concerning the events of March 20, 2010. In the first (10-00084), Plaintiff addressed Defendant Shipman's alleged decision to have him placed in a medical observation cell after he refused to take his medication. Doc. 23, p. 34. In the second (10-00086), he described being escorted by Defendants Jones and Perrin, kicked by Defendant Perrin, and being made to wait "about a hour and a half" for medical attention. Id., p. 32. There is no indication that Plaintiff filed any grievance naming Johnson.

Plaintiff simultaneously pursued both grievances through the first level of appeal with the jail commander. Plaintiff then exhausted grievance 10-00084 by appealing it to the Sheriff. He did not, however, exhaust grievance 10-00086 by appealing the decision of the jail commander to the sheriff. Plaintiff's exhaustion of grievance 10-00084, against Shipman, shows that he had the ability and opportunity to pursue the complete grievance procedure with regard to his claims against Jones and Perrin as well. Because he failed to exhaust his remedies, Plaintiff's claim against Jones, Perrin, and Johnson must be dismissed.

Accordingly, **IT IS RECOMMENDED** that the instant Motion be **GRANTED** and that Plaintiff's claims against Defendants Johnson, Jones and Perrin be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of August, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge